UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNDERWRITERS AT LLOYD'S SUBSCRIBING TO COVER NOTE B1526MACAR1800089,<br><br>Plaintiff,<br><br>v.<br><br>ABAXIS, INC., et al.,<br><br>Defendants. | Case No. 19-cv-02945-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 56 |

Before the court is cross-defendant's C.H. Robinson Worldwide Inc.'s ("CHR" or "cross-defendant") motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion for the following reasons.

## BACKGROUND

The underlying complaint ("Compl.") in this action was filed by plaintiff Underwriters at Lloyd's Subscribing to Cover Note B1526MACAR1800089 ("Underwriters" or "plaintiff") on May 29, 2019. Dkt. 1. Plaintiff is a group of insurers who insured Covetrus Inc. and its corporate predecessors Henry Schein Animal Health and Butler Animal Health Supply, LLC (collectively, "Schein"). Compl. ¶ 3. In 2018, Schein contracted with defendant Abaxis, Inc. ("Abaxis") to provide a consignment of pharmaceutical products from Abaxis, located in Union City, California to Schein, located in Columbus, Ohio. Id. ¶ 9. At some later point in time, defendant Zoetis, Inc. ("Zoetis"

1   and together with Abaxis, "defendants") merged with Abaxis and plaintiff alleges that
2   Zoetis has agreed to assume the liabilities of Abaxis. Id. ¶¶ 63–65. On or after August
3   16, 2018, Abaxis tendered shipment of the pharmaceutical products to defendant TCSL,
4   Inc. ("TCSL"). Id. ¶ 9. Defendant (and now cross-defendant) CHR agreed to be
5   responsible for transporting the shipment, issued a bill of lading covering the shipment,
6   managed all communication between Schein and TCSL, and took responsibility for
7   TSCL's performance. Id. ¶ 16. The shipment was required to be maintained at a
8   temperature of between 2 and 8 degrees Celsius (between 36.5 and 46.4 degrees
9   Fahrenheit) and failure to maintain the proper damage would render the pharmaceutical
10  products unsafe and unusable. Id. ¶ 11. As part of its contract with Schein, Abaxis
11  agreed to verify that the carrier to which Abaxis tendered the shipment was aware that
12  the shipment needed to maintained at the requisite temperatures, that the carrier was
13  capable of transporting at the requisite temperature range, and that the carrier in fact set
14  the transportation apparatus at the appropriate temperature. Id. ¶ 32.

Plaintiff alleges that defendant TCSL did not pre-chill its trailer to the proper temperature, did not activate its refrigeration equipment until a day after it received the shipment, and turned off the refrigeration equipment a day prior to delivery. Id. ¶¶ 17–19. The pharmaceutical products were severely damaged as a result of the exposure to higher temperatures resulting in damage of approximately $600,000. Id. ¶ 20. Schein sought payment under its insurance contract with plaintiff, which plaintiff paid to Schein. Id. ¶ 21. In turn, plaintiff's complaint alleged the following claims: (1) breach of contract under the Carmack Amendment against TCSL and CHR; (2) breach of bailment obligations against TCSL; (3) negligence/gross negligence against TCSL; (4) breach of contract against Abaxis and Zoetis; (5) negligence/gross negligence against Abaxis and Zoetis; and (6) misdelivery against Abaxis and Zoetis.

On June 26, 2019, plaintiff filed a first amended complaint (Dkt. 16), to which defendants Abaxis and Zoetis filed a motion to dismiss, (Dkt. 20). Upon the parties' stipulation, plaintiff filed the operative Second Amended Complaint ("SAC") and Abaxis

and Zoetis agreed to refile their motion to dismiss. The SAC dismissed the fifth and sixth claims alleged against Abaxis and Zoetis for negligence/gross negligence and misdelivery leaving only one claim against them for breach of contract. Dkt. 28. On September 23, 2019, plaintiff voluntarily dismissed all claims against TCSL (Dkt. 35), and on October 17, 2019, plaintiff voluntarily dismissed all claims against CHR pursuant to a settlement agreement, (Dkt. 38). On November 20, 2019, this court denied defendants Abaxis and Zoetis's motion to dismiss (Dkt. 40), and then on December 4, 2019, Abaxis and Zoetis filed an answer and crossclaim ("Crossclaim") against TCSL and CHR, (Dkt. 42). The Crossclaim against CHR incorporates the allegations in the SAC and further alleges that TCSL, acting at the direction of or in conjunction with CHR, negligently mishandled the shipment of pharmaceuticals obtained from Abaxis. Crossclaim ¶ 20. The Crossclaim brings two crossclaims against CHR: (1) contribution; and (2) indemnification, which CHR now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. 56. Plaintiff Underwriters has filed a statement of non-opposition to the motion to dismiss. Dkt. 58.

**DISCUSSION**

**A.    Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The complaint must proffer

sufficient facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 558–59 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

**B.  Analysis**

Cross-defendant CHR argues that there are only two bases for equitable indemnity and neither is applicable here. First, equitable indemnity is appropriate if parties are co-obligors on a single contract. Second, it is appropriate if the parties are joint tortfeasors. Mtn. at 7. CHR contends that there is no common contract between it and Abaxis and Zoetis and they are not joint tortfeasors. Id. at 8. Abaxis and Zoetis respond that equitable indemnity applies where both the indemnitor and indemnitee share responsibility for harm to a third party. Opp. at. 6. They would apply this to CHR because CHR was responsible for TCSL and Abaxis and Zoetis are being sued for providing the shipment to TCSL. Id.

There are two forms of indemnity: express indemnity and equitable indemnity. Prince v. Pac. Gas. & Elec. Co., 45 Cal. 4th 1151, 1157 (2009). Express indemnity arises out of a contractual relationship upon the occurrence of specified circumstances. Id. at 1158. The doctrine of equitable indemnity "permit[s] a concurrent tortfeasor to obtain partial indemnity from other concurrent tortfeasors on a comparative fault basis." Am. Motorcycle Ass'n v. Superior Court, 20 Cal. 3d 578, 598 (1978). "Originally applied to defendants whose negligence caused the plaintiff's loss, the [California] Supreme Court later expanded the doctrine to allow apportionment of loss between a negligent

4

plaintiff and a strictly liable defendant, and between a defendant liable in strict liability and negligence and a defendant strictly liable." Gem Developers v. Hallcraft Homes of San Diego, Inc., 213 Cal. App. 3d 419, 427 (Ct. App. 1989) (citing Am. Motorcycle, 20 Cal. 3d 578; Daly v. General Motors Corp., 20 Cal. 3d 725 (1978); and Safeway Stores, Inc. v. Nest-Kart, 21 Cal. 3d 322 (1978)). To assert equitable indemnity there must be a joint legal obligation to the injured party, i.e., "there can be no indemnity without liability." Prince, 45 Cal. 4th at 1165 (citation omitted).

The SAC describes alleged negligent conduct on the part of defendants but only brings one cause of action for breach of contract. Neither plaintiff, in the SAC, nor defendants, in the Crossclaim, allege there was any contract between CHR and defendants. Express indemnity is not applicable here. Thus, resolution of this motion turns on a fairly narrow legal issue: can defendants seek apportionment or indemnity for damages with a third-party where plaintiff alleges only a breach of contract claim against defendants? In short, they cannot.

As a general rule, "courts will generally enforce the breach of a contractual promise through contract law, except when the actions that constitute the breach violate a social policy that merits the imposition of tort remedies." Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 991–92 (2004) (quoting Freeman & Mills, Inc. v. Belcher Oil Co. 11 Cal. 4th 85, 107 (1995) (Mosk, J., concurring in part)). "[C]onduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law." Erlich v. Menezes, 21 Cal. 4th 543, 551 (1999). One example of such conduct is breach of the covenant of good faith and fair dealing in an insurance contract arising out of the "special relationship" between insurer and insured. Id. at 552–53. "[O]utside the insurance context, a tortious breach of contract may be found when (1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breach the contract are tortious, involving deceit or undue coercion or; (3) one party intentionally breaches the contract intending or knowing that such a breach will cause severe, unmitigable harm in the form

5

of mental anguish, personal hardship, or substantial damages." Id. at 553–54 (quoting Freemen & Mills, 11 Cal. 4th at 110).

A related principle is that "California law does not permit apportionment of damages for breach of contract." Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Grp., 143 Cal. App. 4th 1036, 1040–42 & n.2 (Ct. App. 2006); see also Miller v. Sec. Life of Denver Ins. Co., No. C 11-1175 PJH, 2012 WL 1029279, at *5 (N.D. Cal. Mar. 26, 2012) ("A claim for equitable indemnity requires a tort claim asserted by the original plaintiff against the proposed indemnitee on which to base joint and several liability, between the proposed indemnitor and indemnitee.").

BFGC Architects Planners, Inc. v. Forcum/Mackey Constr., Inc. ("BFGC"), 119 Cal. App. 4th 848, 853 (Ct. App. 2004), illustrates this rule. In BFGC, a school district entered into several contracts for the construction of a new high school including one with an architect to prepare drawings and supervise construction of a high school and agreements with two general contractors to build the school. Id. at 850. The school district sued an architect for breach of contract and professional negligence. The architect cross-complained against the general contractors seeking equitable indemnity and alleging that the latter were negligent in breaching their contracts with the school district. Id. at 851. On appeal, the California Court of Appeal cited the rule that a person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations. Id. at 853 (citing Aas v. Superior Court, 24 Cal. 4th 627, 643 (2000), superseded by statute on other grounds as stated in Rosen v. State Farm Gen. Ins. Co., 30 Cal. 4th 1070, 1079–80 (2003)). The court went on to reason:

> The only allegations of defendants' misconduct are based on their alleged breach of contract, despite plaintiff's gloss that in doing so, they breached their duties. This is an improper attempt to recast a breach of contract cause of action as a tort claim. Nor is there any social policy that would demand resort to tort remedies. Without any action sounding in tort, there is no basis for a finding of potential joint and several liability on the part of defendants, thereby precluding a claim for equitable indemnity.

Id. Thus, as Stop Loss and BFGC hold, there can be no equitable indemnity claim

6

1 without an action sounding in tort.

2 Turning first to the claims asserted in the SAC, plaintiff Underwriters only brings one claim against defendants Abaxis and Zoetis for breach of contract. There is no tort claim asserted against defendants. Underwriters' recovery, therefore, is limited to contractual damages. Robinson Helicopter, 34 Cal. 4th at 991–92. Plaintiff previously asserted a tort claim against defendants in both the complaint and the first amended complaint, but then voluntarily dismissed that claim in the SAC. A plaintiff that voluntarily dismisses a claim and does not replead that claim in an amended complaint, waives the claim. Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012) (en banc). "It is well-settled in California that equitable indemnity is only available among tortfeasors who are jointly and severally liable for the plaintiff's injury." Stop Loss, 143 Cal. App. 4th at 1040 (citations omitted). Defendants are not alleged to be tortfeasors and cannot claim equitable indemnity.

Reviewing the allegations in the SAC confirms that defendants are not alleged to be tortfeasors. "[C]onduct amounting to breach of contract becomes tortious only when it also violated a duty independent of the contract arising from principles of tort law." Erlich, 21 Cal. 4th at 551 (citing Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 515 (1994)). Despite plaintiff's allegations in the SAC that Abaxis was negligent and breached its duties to Schein, these allegations merely recast the alleged breach of contract as a breach of a legal duty of care and does not allege a violation of a duty independent of the contract. This is evident by plaintiff alleging that "Abaxis had a legal duty of care to Schein to tender the Shipment to the carrier which Schein nominated, as Abaxis agreed to do in the Contract." SAC ¶ 44 (emphasis added). A second example, "Abaxis, as a supplier of pharmaceutical products which require temperature control, had a legal duty of care to Schein to not transport the [shipment] unprotected from heat for a duration of over 24 hours, as Abaxis agreed to do in the Contract." Id. ¶ 46 (emphasis added). Similar to BFGC, the only allegations of defendants' legal duties and breach of those duties are based on the contract between Abaxis and Schein. Without an

7

independent tort claim, there can be no equitable indemnity.

The case law cited by defendants does not dictate a different outcome. For example, AmeriGas Propane, L.P. v. Landstar Ranger, Inc., 184 Cal. App. 4th 981, 986 (Ct. App. 2010), a defendant brought a cross-complaint where the underlying action involved a plaintiff who was injured while unloading gas tanks and alleged claims of negligence, loss of consortium, and premises liability against several defendants. As defendants point out, the California Court of Appeal stated that "[t]he test for indemnity is thus whether the indemnitor and indemnitee jointly caused the plaintiff's injury." Id. at 989. Under this test, the court held that equitable indemnity was available for the defendant because "liability among multiple tortfeasors may be apportioned according to the comparative negligence of each." Id. (citing Children's Hospital v. Sedgwick, 45 Cal. App. 4th 1780, 1786 (Ct. App. 1996)). The predicate for AmeriGas Propane's equitable indemnity holding was a tort claim with joint tortfeasors. The joint tortfeasor predicate is common to the other cases cited by defendants. See, e.g., Jocer Enters., Inc. v. Price, 183 Cal. App. 4th 559, 573 (Ct. App. 2010) ("[N]either traditional equitable indemnity nor implied contractual indemnity is available 'in the absence of a joint legal obligation to the injured party.'" (quoting Prince, 45 Cal. 4th at 1160–61)). As the court has discussed at length, Abaxis and Zoetis are not being sued for a tort action nor does the conduct alleged amount to a legal duty outside of that imposed by the contract between Abaxis and Schein. Thus, the predicate joint tortfeasors is not present here.

The fact that defendants are not tortfeasors also undermines their argument that the law of equitable indemnity does not require that both the indemnitor and indemnitee be sued for the same claim, only that they be responsible for the same injury. Opp. at 7. As discussed above, defendants are missing a critical element: while plaintiff brings a tort claim against TCSL (for which CHR is responsible), plaintiff does not bring a tort claim against Abaxis and Zoetis. Defendants are not joint tortfeasors with TCSL and CHR and this is fatal to their equitable indemnity claim. See also In re Med. Capital Sec. Litig., 842 F. Supp. 2d 1208, 1213 (C.D. Cal. 2012) ("As the Stop Loss court made clear, both the

party seeking indemnification and the party from which it seeks indemnification must be tortfeasors." (citing Stop Loss, 143 Cal. App. 4th at 1040)).

**CONCLUSION**

For the foregoing reasons, cross-defendant CHR's motion to dismiss is GRANTED and defendants Abaxis and Zoetis's crossclaims are DISMISSED WITHOUT PREJUDICE. The court is skeptical that defendants can allege tortious conduct that is independent of the breach of contract claims at issue in this case. However, it is not clear that amendment is futile. Defendants shall file any amended crossclaim within 21 days of the date of this order. No new parties or causes of action may be pleaded without leave of court or the agreement of cross-defendant.

**IT IS SO ORDERED.**

Dated: April 6, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge