1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    UNDERWRITERS AT LLOYD'S
     SUBSCRIBING TO COVER NOTE              Case No.  19-cv-02945-PJH
8    B1526MACAR1800089,

9                    Plaintiff,             **ORDER GRANTING MOTION FOR
                                            LEAVE TO AMEND; DENYING
10              v.                          WITHOUT PREJUDICE MOTION TO
                                            DISMISS; AND DENYING MOTION
11   ABAXIS, INC., et al.,                  FOR LEAVE TO RESPOND**

12                   Defendants.            Re: Dkt. Nos. 67, 68, 75

13

14

15        Before the court is defendants Abaxis, Inc. ("Abaxis") and Zoetis, Inc.'s ("Zoetis"

16   and together with Abaxis, "defendants") motion for leave to file a second amended

17   answer and crossclaim.  Also before the court are cross-defendant C.H. Robinson

18   Worldwide, Inc.'s ("CHR" or "cross-defendant") motion to dismiss and plaintiff

19   Underwriters at Lloyd's Subscribing to Cover Note B1526MACAR1800089's

20   ("Underwriters" or "plaintiff") motion for leave to respond.  The matters are fully briefed

21   and suitable for decision without oral argument.  Having read the parties' papers and

22   carefully considered their arguments and the relevant legal authority, and good cause

23   appearing, the court hereby rules as follows.

24                               **BACKGROUND**

25        The complaint in this action was filed by plaintiff on May 29, 2019.  Dkt. 1.  This

26   court's April 6, 2020 order contains a more thorough recitation of the underlying factual

27   background of this case.  See Dkt. 63.  To briefly summarize, this case involves the

28   delivery of certain pharmaceutical products from the manufacturer of those products

1    (defendants) to Henry Schein Animal Health and Butler Animal Health Supply, LLC

2    ("Schein"), products that were ruined en route to Schein.  See id. at 2.  Plaintiff is a group

3    of insurers that paid out Schein's insurance claim and now asserts that party's claims.

4    TCSL, Inc.[1] ("TCSL") was the carrier of the shipment in question and CHR was alleged to

5    have issued the bill of lading and coordinated communication between TCSL and Schein.

6    Id.

7         The relevant procedural history is as follows.  On June 26, 2019, plaintiff filed a

8    first amended complaint (Dkt. 16), to which defendants Abaxis and Zoetis filed a motion

9    to dismiss (Dkt. 20).  Upon the parties' stipulation, plaintiff filed the operative Second

10   Amended Complaint ("SAC") and defendants agreed to refile their motion to dismiss.

11   The SAC dismissed two of three claims alleged against Abaxis and Zoetis, leaving only a

12   breach of contract claim pled against them.  Dkt. 28.  On September 23, 2019, plaintiff

13   voluntarily dismissed all claims against TCSL. (Dkt. 35), and on October 17, 2019,

14   plaintiff voluntarily dismissed all claims against CHR pursuant to a settlement agreement,

15   (Dkt. 38).

16        On November 20, 2019, this court denied defendants Abaxis and Zoetis's motion

17   to dismiss (Dkt. 40), and then on December 4, 2019, defendants filed an answer to the

18   SAC and crossclaims ("Crossclaim") against TCSL and CHR (Dkt. 42).  The Crossclaim

19   against CHR incorporated by reference the allegations in the SAC and further alleged

20   that TCSL, acting at the direction of or in conjunction with CHR, negligently mishandled

21   the shipment of pharmaceuticals obtained from Abaxis.  Crossclaim ¶ 20.  In response to

22   defendants' Crossclaim, CHR filed a Rule 12(b)(6) motion to dismiss.  Dkt. 42.  On April

23   6, 2020, this court granted CHR's motion and granted leave to amend the crossclaim

24   within twenty-one days.  Dkt. 63.

25        On April 27, 2020, defendants Abaxis and Zoetis filed their First Amended Answer

26   and Crossclaim ("FACC," Dkt. 66) as well as the present motion requesting leave to file a

[1] TCSL has not appeared in this action.

United States District Court
Northern District of California

1    proposed Second Amended Answer & Crossclaim ("SACC," Dkt. 67-2) against cross-

2    defendants, CHR and TCSL.  Mtn. at 1.  Defendants seek leave to file new crossclaims

3    for negligence, negligent misrepresentation, conversion, and negligent interference with

4    economic advantage, as well as their previously asserted crossclaims for equitable

5    indemnification, and contribution.  Id. at 4.

6            While the parties were briefing the motion for leave to amend, CHR filed a motion

7    to dismiss the FACC on May 11, 2020.  Dkt. 68.  On May 26, 2020, defendants filed an

8    opposition to CHR's motion to dismiss.  Dkt. 74.  While not directly involved in the

9    crossclaim or the motion to dismiss, the opposition contained statements that caused

10   plaintiff to file a motion seeking to address purportedly frivolous allegations in defendants'

11   opposition brief.  Dkt. 75.

<b>DISCUSSION</b>

12   **A.    Legal Standard**

14           Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of

15   the defendant or leave of court to amend its complaint once the defendant has answered,

16   but "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see, e.g.,

17   Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted

18   with "extreme liberality").  Leave to amend is thus ordinarily granted unless the

19   amendment is futile, would cause undue prejudice to the defendants, or is sought by

20   plaintiffs in bad faith or with a dilatory motive.  Foman v. Davis, 371 U.S. 178, 182 (1962);

21   Smith v. Pac. Properties & Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004).  While courts

22   should consider all such factors, "the crucial factor is the resulting prejudice to the

23   opposing party."  Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).

24   **B.    Analysis**

25           **1.    Summary of Defendants' Proposed Second Amended Answer &**

26                   **Crossclaim**

27           While the FACC only brings two claims against TCSL and CHR for indemnification

28   and contribution, the proposed SACC would allege six crossclaims against each of TCSL

3

United States District Court
Northern District of California

United States District Court
Northern District of California

1   and CHR: (1) negligence; (2) negligent misrepresentation; (3) conversion; (4) negligent

2   interference with economic advantage; (5) equitable indemnification; and (6) contribution.

3   Dkt. 67-2.  Because only CHR opposes the motion to amend, the court briefly describes

4   the proposed crossclaims asserted against CHR.

5          Defendants' first crossclaim for negligence alleges that CHR breached its duty of

6   care when TCSL, acting at the direction of CHR, took goods from defendants it did not

7   have a right to receive or transport.  Id. ¶¶ 29–41.[2]  Defendants' second crossclaim for

8   conversion alleges that TCSL acted on behalf of CHR when it mishandled the shipment

9   at issue, which caused permanent damage to its contents.  Id. ¶¶ 42–48.  Defendants'

10  third crossclaim for negligent misrepresentation alleges that a TCSL employee, who was

11  dispatched at the direction of CHR, orally represented that he was authorized to receive

12  and transport the pharmaceutical products at issue, even though the employee knew he

13  did not have the power to do so.  Id. ¶¶ 49–59.  Defendants' fourth crossclaim for

14  negligent interference with prospective economic advantage alleges that the negligent

15  conduct carried out at the direction of CHR prevented defendants from realizing the

16  economic benefits of their contractual relationship with Schein.  Id. ¶¶ 60–70.

17         Defendants also re-allege their crossclaims for equitable indemnification and

18  contribution.  Id. ¶¶ 71–80.

19         **2.     Whether Defendants' Amendment Meets the Requirements of Rule 15**

20         Under Rule 15, "[t]he court should freely give leave [to amend the complaint] when

21  justice so requires."  Fed. R. Civ. P. 15(a)(2).  This policy is "to be applied with extreme

22  liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051–52 (9th Cir.

23  2003).  In determining whether to grant leave to amend, the court applies the factors

24  articulated in Foman v. Davis:

25

26  _____

27  [2] Defendants' proposed SACC brings claims against both TCSL and CHR; however,
    defendants separated the claims into, essentially, two separate complaints with the same
    paragraph numbers.  Because only CHR is opposing the motion to amend, the court
28  refers only to the paragraph numbers pertaining to CHR, starting on page 24 of the
    proposed SACC.

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. at 182.

Prejudice is the "touchstone of the inquiry under Rule 15(a)" and the "party opposing amendment 'bears the burden of showing prejudice.'" Eminence Capital, 316 F.3d at 1052 (quoting Lone Star Ladies Inv. Club v. Schlotzsky's Inc., 238 F.3d 363, 368 (5th Cir. 2001); and DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. (citing Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 245 (5th Cir. 1997)).

### a.    Undue Prejudice

Undue prejudice exists "where the 'parties have engaged in voluminous and protracted discovery' prior to amendment, or where '[e]xpense, delay, and wear and tear on individuals and companies' is shown." Utterkar v. Ebix, Inc., No. 14-CV-02250-LHK, 2015 WL 5027986, at *6 (N.D. Cal. Aug. 25, 2015) (alteration in original) (quoting Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994), overruled on other grounds by City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc., 856 F.3d 605, 609 (9th Cir. 2017); and citing Jackson v. Bank of Haw., 902 F.2d 1385, 1387–88 (9th Cir. 1990)).

Defendants contend that there is no undue prejudice to CHR because CHR has ample time to respond to the proposed claims, through investigation and formal discovery. Mtn. at 11.  In response, CHR argues that allowing defendants another attempt to address the deficiencies of their causes of action for indemnity and contribution would result in clear prejudice to CHR.  Opp. at 12.  CHR also contends that the newly proposed independent tort causes of action will cause prejudice in the expense resulting from bringing a motion to dismiss.  Id.

United States District Court
Northern District of California

1   Here, the prejudice to CHR is not undue, as this case is still in the pleading stage

2   and discovery has not yet commenced.  Cf. Zivkovic v. S. Cal. Edison Co., 302 F.3d

3   1080, 1087 (9th Cir. 2002) (holding no abuse its discretion where district court denied

4   leave to amend because motion to amend was filed "only several days before the

5   discovery cut-off and less than three months before the trial was to commence").

6   Further, the present motion is defendants' first request to amend their complaint to allege

7   independent tort claims and the expense to CHR to file a motion to dismiss is not

8   disproportionate.  Thus, the undue prejudice factor weighs in favor of granting the motion

9   and, absent a strong showing of the remaining Foman factors, there is a presumption in

10  favor of granting leave to amend.  See Eminence Capital, 316 F.3d at 1052.

b.    Futility

12  Defendants argue that their proposed claims are not be futile because the claims

13  are based on factual allegations that have not been tested by a motion to dismiss.  Mtn.

14  at 9–10.  In response, CHR advances several arguments as to why granting leave to

15  amend would be futile, including renewing their arguments pertaining to indemnification

16  and contribution as well as substantive arguments attacking the viability of the new

17  claims.  See Opp. at 6–12.

18  Generally, CHR's futility argument seeks to challenge whether the SACC states a

19  claim.  Whatever the ultimate conclusion on the viability of defendants' claims, CHR's

20  arguments are better tested at the motion to dismiss stage, rather than through a motion

21  to amend.  See Bd. of Trustees of the Auto. Indus. Welfare Fund v. Groth

22  Oldsmobile/Chevrolet, Inc., No. C 09-0465 PJH, 2010 WL 760452, at *3 (N.D. Cal. Mar.

23  4, 2010) ("This court normally will not rule on the futility of an amendment at the motion to

24  amend stage of the litigation unless the proposed amendment is clearly and

25  unambiguously futile.").  The court previously dismissed defendants' indemnification and

26  contribution claims without prejudice and defendants' newly proposed tort claims have

27  not been tested by a motion to dismiss.  Given the procedural posture, it is premature to

28  find that the proposed amendment is clearly and unambiguously futile.  This factor

6

weighs in favor of granting leave to amend.

The court acknowledges that CHR's pending motion to dismiss will be mooted by the filing of the proposed SACC and that CHR has reserved the right to file a renewed motion to dismiss.  Mtn. at 12.  The court will permit CHR the opportunity to file a renewed motion to dismiss, which will also mitigate any prejudice to CHR.

**c.     Bad Faith or Dilatory Motive**

Generally, an "amendment should be permitted unless it will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new, but baseless legal theories." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 881 (9th Cir. 1999) (citing Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1296 (9th Cir. 1998)).

In their motion, defendants argue there is no bad faith because they have been diligent in their attempts to plead these crossclaims, first as equitable indemnity and contribution and now as independent claims once the court issued its April 6th order dismissing the original equitable indemnity and contribution claims.  Mtn. at 8.  In response, CHR argues that the only way defendants can successfully hold CHR responsible is through an indemnity and contribution claim, both of which were dismissed in a prior order.  Opp. at 5.  CHR contends, therefore, that defendants' motive is dilatory because the independent tort claims cannot be asserted to hold CHR liable.  Id.

CHR's argument as to dilatory motive depends on the outcome of a future Rule 12(b)(6) claim that tests the viability of defendants' proposed crossclaims.  Without presupposing the outcome of such a motion to dismiss, it is not clear that defendants' motive is dilatory.  While the court previously dismissed defendants' equitable indemnity and contribution claims, it acknowledged that defendants might be able to allege new factual matter to overcome the deficiencies identified in the order.  Thus, it is not clear that defendants seek to prolong the litigation by adding new, baseless legal theories. Accordingly, CHR has not demonstrated bad faith or dilatory motive shown on the part of defendants.

///

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court<br>Northern District of California

#### d.    Undue Delay

Delay, by itself, is insufficient to justify denial of leave to amend.  DCD Programs, Ltd., 833 F.2d at 183–86; see also Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal., 648 F.2d 1252, 1254 (9th Cir. 1981).  Instead, "[c]ourts previously have found that a party unduly delayed when the party sought to amend a pleading with previously-known facts, particularly when the delay is accompanied by the requisite showing of other Foman factors such as prejudice." Uttekar, 2015 WL 5027986, at *7.

Defendants argue that they sought to amend their crossclaim soon after the court's April 6th order that dismissed without prejudice their crossclaims for indemnity and contribution, and thus, they did not cause undue delay.  Mtn. at 9.  In response, CHR argues that defendants should have filed these claims when they first answered the SAC in December 2019.  Opp. at 6.  CHR further contends that the proposed SACC is a last ditch attempt to accomplish what the failed causes of action for indemnity and contribution could not accomplish from the original answer and crossclaim.  Id.

Both defendants and cross-defendant raise valid points as to delay.  On the one hand, defendants are seeking leave to amend within a few weeks of their original Crossclaim being dismissed without prejudice and within the timeframe for which the court permitted amendment.  See Dkt. 63 at 9.  On the other hand, cross-defendant raises a point that defendants were aware of the underlying facts in this case and neglected to allege independent tort claims until now.  However, this delay is not undue because this case is still in the pleading stage and the parties have not completed discovery.  Moreover, the other Foman factors weigh in favor of granting leave to amend.  Thus, CHR has not established undue delay in this case and granting leave to amend is warranted.

#### 3.    Disposition of Remaining Motions

On May 11, 2020, CHR filed a motion to dismiss the first amended crossclaim.  Dkt. 68.  Because the court grants defendants' leave to amend, CHR's pending motion will be moot.  As indicated herein, CHR will be permitted to file a renewed motion once

1  defendants file their proposed SACC.

2       Next, defendants filed an opposition to CHR's motion on May 26, 2020.  Dkt. 74.

3  In response to certain statements in the opposition, plaintiff filed a motion for leave to

4  respond to frivolous allegations.  Dkt. 75.  In the opposition brief, defendants state that

5  plaintiff "simply dropped the cause of action for negligence against Abaxis and Zoetis on

6  the understanding that doing so would preclude Abaxis and Zoetis from recovering in

7  equitable indemnity . . . ."  Dkt. 74 at 13.  Defendants also contend that plaintiff and CHR

8  failed to a good faith determination from the court regarding the settlement between

9  those two parties.  Id. at 12–13.  Defendants also alleges that plaintiff and CHR's conduct

10  "raises genuine concerns of collusion."  Id. at 14.

11       In response, plaintiff contends that defendants sought the negligence claims

12  against them to be dismissed, through the filing of a prior motion to dismiss and

13  associated communications.  Dkt. 75 at 4.  With regard to the good faith settlement

14  determination, plaintiff contends that its only claim against CHR sounded in federal law

15  and the good faith settlement determination, which is required under California law, is

16  inapplicable.  Id. at 6.  Plaintiff also contends that defendants' references to collusion are

17  unprofessional and unsubstantiated.  Id. at 8.

18       The court understands plaintiff's motion as only a request to submit the

19  memorandum of points and authorities in response to defendants' opposition to CHR's

20  motion to dismiss because it is not directly involved in CHR's motion to dismiss.  Dkt. 75

21  at 2.  Because the underlying motion to dismiss is being denied without prejudice,

22  defendants' opposition is, therefore, moot.  For that reason, plaintiff's motion is

23  essentially mooted and will be denied on that ground alone.  The court is cognizant,

24  however, of the issues raised in plaintiff's motion, especially concerning defendants'

25  accusation of collusion between plaintiff and CHR.  Accordingly, all parties are warned

26  that all future filings must adhere to Rule 11's requirement for attorneys to certify that

27  they have read any pleadings or motions they file with the court and that such pleadings

28  and motions are well-grounded in fact, have a colorable basis in law, and are not filed for

United States District Court
Northern District of California

9

an improper purpose.  Fed. R. Civ. P. 11(b).

**CONCLUSION**

For the foregoing reasons, defendants' motion to amend is GRANTED.

Additionally, cross-defendant's motion to dismiss is DENIED WITHOUT PREJUDICE and

plaintiff's motion for leave to respond is DENIED.  Defendants shall file their proposed

second amended answer and crossclaim within 7 days of the filing of this order.  Cross-

defendant may file a renewed motion or responsive pleading within 21 days of the filing of

the second amended answer and crossclaim.

**IT IS SO ORDERED.**

Dated: June 15, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge