UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNDERWRITERS AT LLOYD'S SUBSCRIBING TO COVER NOTE B1526MACAR1800089,<br><br>Plaintiff,<br><br>v.<br><br>ABAXIS, INC., et al.,<br><br>Defendants. | Case No. 19-cv-02945-PJH<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 87 |

Before the court is cross-defendant's C.H. Robinson Worldwide Inc.'s ("CHR" or "cross-defendant") motion to dismiss. In its motion, CHR challenges the court's subject matter jurisdiction to hear the crossclaim pursuant to Federal Rule of Civil Procedure 12(b)(1). Mtn. at 14.

Plaintiff Underwriters at Lloyd's Subscribing to Cover Note B1526MACAR1800089 ("Underwriters" or "plaintiff") filed the operative Second Amended Complaint ("SAC") in the original action on August 13, 2019. Dkt. 28. When it was filed, the SAC asserted subject matter jurisdiction on the basis of federal question jurisdiction, (SAC ¶ 1), specifically, plaintiff alleged a cause of action under the Carmack Amendment, 49 U.S.C. § 14706, against both TCSL, Inc. ("TCSL") and CHR. SAC ¶ 74. Plaintiff later voluntarily dismissed all causes of action against both TCSL and CHR and dismissed both parties from the original action. Dkts. 35, 38.

After plaintiff dismissed TCSL and CHR from the case, the court denied defendants Abaxis, Inc. and Zoetis, Inc.'s (collectively "defendants") motion to dismiss,

(Dkt. 40), and they filed an answer and crossclaim against both TCSL and CHR.  Dkt. 42.  To date, CHR, but not TCSL, has been served and appeared in this case pursuant to the crossclaim.  Dkt. 47.  In defendants' operative Second Amended Crossclaim ("SACC"), they assert subject matter jurisdiction on the basis of the court's diversity jurisdiction, 28 U.S.C. § 1332.  Dkt. 82, ¶ 1.  In its motion to dismiss, CHR points out that the SACC fails to allege TCSL's citizenship, but, as alleged in the SAC, TCSL is a citizen of California.  SAC ¶ 4.  CHR then argues there is no complete diversity of citizenship, and thus no subject matter jurisdiction, because Abaxis is also a California citizen.  Mtn. at 14; SACC ¶ 3.  In response, defendants argue that if a Rule 13 crossclaim arises out of the subject matter of the original action and involves the same persons and issues, and if the court has subject matter jurisdiction over the original action, then no independent basis for jurisdiction over the crossclaim need be alleged.  Opp. at 24 (citing Glens Falls Indem. Co. v. U.S. ex rel. & to Use of Westinghouse Elec. Supply Co., 229 F.2d 370, 374 (9th Cir. 1955)).

        The doctrine of ancillary jurisdiction, discussed in Glens Falls, was codified in the supplemental jurisdiction statute, 28 U.S.C. § 1367, which provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  In turn, subsection (b) states

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

§ 1367(b).

1   Defendants' SACC asserts that the court has jurisdiction under the diversity
2 statute, (SACC ¶ 1), but as CHR points out, Abaxis and TCSL are both citizens of
3 California, which fails the diversity of citizenship requirement.  See 28 U.S.C. § 1332(a).
4 It does not appear that defendants contest CHR's argument in this respect.  Therefore,
5 the supplemental jurisdiction statute, 28 U.S.C. § 1367, is the only basis for the court to
6 have subject matter jurisdiction over the crossclaim.

7   The court has not previously had the occasion to examine the nature of
8 defendants' crossclaim, but it appears that the claims against CHR and TCSL are not, in
9 fact, properly within the scope of Rule 13(g).  Federal Rule of Civil Procedure 13(g)
10 provides that "[a] pleading may state as a crossclaim any claim by one party against a
11 coparty . . . ."  "Courts have consistently held that '[a] cross-claim cannot be asserted
12 against a party who was dismissed from the action previous to the assertion of the cross-
13 claim.'"  In re Latex Glove Prod. Liab. Litig., 373 F. Supp. 2d 1205, 1207 (W.D. Wash.
14 2005) (alteration in original) (quoting Wake v. United States, 89 F.3d 53, 63 (2d Cir.
15 1996)).  Assuming without deciding this rule applies, then, at the time of the original
16 crossclaim, defendants could not assert a crossclaim pursuant to Rule 13(g) against CHR
17 or TCSL as they were no longer parties to the case.

18   This conclusion directly implicates whether 28 U.S.C. § 1367(b) divests the court
19 of supplemental jurisdiction because joinder of parties was governed by Rules 14, 19, or
20 20.  Based on the foregoing, the court requests supplemental briefing on the following
21 issues:

22 - Whether CHR and TCSL were properly joined under Rule 13(g).
23 - Whether the court can exercise supplemental jurisdiction over Abaxis and
24   Zoetis's claims against CHR and TCSL.

25   CHR shall file its supplemental brief on or before September 4, 2020 and
26 defendants shall file their supplemental brief in opposition on or before September 18,
27 2020.  Plaintiff Underwriters may file a supplemental brief on or before September 4,
28 2020.  The briefs shall not exceed 10 pages and need not include a table of contents or

authorities.

**IT IS SO ORDERED.**

Dated: August 21, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge